IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| | | | |
|---|---|---|---|
| **JOHN P. LEOS** | } Debtor(s) | Chapter: | **13** |
| | | Case Number: | **1-10-bk-10064 RNO** |
| **FRANKLIN COUNTY AREA DEVELOPMENT CORPORATION** | } Plaintiff(s) | Adversary No: | **1-11-ap-00216 RNO** |
| vs. | | Nature of Proceeding: | **Motion for Summary Judgment** |
| **JOHN P. LEOS** | } Defendant(s) | | |

# OPINION

Presently before this Court are the Motion of the Plaintiff, Franklin County Area Development Corporation, for Summary Judgment and the Cross Motion of the Defendant, John P. Leos, for Summary Judgment. For the reasons stated herein, both Motions for Summary Judgment are denied and the matter will proceed to trial.

**I.  Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(B)(1)&(2)(a)(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**II.  Facts**

On December 15, 2010, the Debtor, John P. Leos ("Leos"), filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

On April 1, 2011, the Plaintiff, Franklin County Area Development Corporation ("FCADC"), timely filed a Complaint to Determine Dischargeability of Debt ("Complaint"). The Complaint contains three counts. It seeks to have Leos' obligation to FCADC with respect to a portion of the proceeds of two loans determined to be non-dischargeable pursuant to

11 U.S.C. § 523(a)(2).[1]

The loans complained of were made through FCADC to Concessionaire Management Corporation ("Concessionaire"). The Complaint alleges that an unstated portion of the $250,000.00 loan proceeds were to be used to purchase a Sollich/MF Hamburg enrobing equipment line ("Enrober").

Attached as Exhibit G to the Complaint is a Surety Agreement dated April 17, 2003, under which it appears Leos personally guaranteed the loan obligations of Concessionaire to FCADC. Also, on April 1, 2011, FCADC filed Proof of Claim Number 7 ("Proof of Claim") in the underlying Chapter 13 case. The Proof of Claim is in the amount of $168,589.85. No objection to the Proof of Claim appears on the docket.

The FCADC loans to Concessionaire also appear to have been personally guaranteed by George Tsoukatos and Elaini Tsoukatos (jointly "Non-Debtor Guarantors"). Attached to the Proof of Claim are copies of judgments entered by FCADC in Franklin County, Pennsylvania. One judgment, dated April 24, 2008, is against Leos in the amount of $216,384.14. Also attached is a copy of a Notice of Entry of Judgment against the Non-Debtor Guarantors in the amount of $22,869.65, dated June 17, 2009.

The Complaint was answered by Leos on May 2, 2011. The Answer alleges, *inter alia*, that Leos was a minority shareholder of Concessionaire. The Answer also alleges that the Enrober was not purchased because of a significant change in the currency exchange rate between the Dollar and Euro caused a material price increase for the cost of the Enrober. The

---

[1] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

Answer also alleges that the loan proceeds were used to purchase equipment and to remodel the plant used by Concessionaire. The Answer further alleges that a portion of the loan proceeds were used to repay FCADC on Concessionaire's loan obligations.

On November 10, 2011, FCADC filed a Motion for Summary Judgment. Exhibit B to the Motion for Summary Judgment is the three paragraph Affidavit of Zoe Tsoukatos. Essentially, the Affidavit alleges that Ms. Tsoukatos is the current President of Concessionaire and that "[i]n or about April 2008", she notified a representative of FCADC that the Enrober had not been purchased. The Affidavit also states:

> 3. In or about April 2008, there were virtually no funds in the Concessionaire bank accounts with which to return the loan proceeds for the Enrober to FCADC.

Also attached to the Motion for Summary Judgment, as Exhibit A, is the responses to the FCADC's Requests for Admissions directed to Leos.

On December 5, 2011, Leos answered FCADC's Motion for Summary Judgment and filed a Cross Motion for Summary Judgment in favor of Leos. FCADC and Leos have each filed their briefs in support of their respective Motions for Summary Judgment and these matters are ripe for decision.

### III. Summary Judgment Standard

Summary judgment motions in federal proceedings are generally governed by Federal Rule of Civil Procedure 56(c). This Rule is made applicable to bankruptcy adversary proceedings, such as the subject non-dischargeability action, by Federal Rule of Bankruptcy Procedure 7056.

Summary judgment is appropriate "if the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (U.S. 1986).

The moving party has the burden of demonstrating that a genuine issue of material fact is absent. *Celotex* at 2552; *In re Madera*, 363 B.R. 718, 724 (Bankr. E.D.Pa. 2007). An opponent may not defeat a motion for summary judgment unless he sets forth specific facts that establish the existence of a genuine issue of material fact for trial. Conclusory statements and general denials will not suffice. *In re CVEO Corp.*, 327 B.R. 724, 727 (Bankr. D.Del. 2005).

In evaluating the evidence, a court must view the facts in the light most favorable to the non-moving party and draw all inferences in that party's favor. *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (U.S. 1986).

**IV. Discussion**

The Complaint seeks the determination that Leos' obligation to FCADC with respect to the loan proceeds for the purchase of the Enrober is non-dischargeable in accordance with § 523(a)(2).

A creditor objecting to discharge of a debt owed to it by a debtor in bankruptcy has the burden of proving, by a preponderance of the evidence, that the debt falls into one of the exceptions found in § 523(a) of the Bankruptcy Code. *Grogan v. Garner*, 111 S.Ct. 654, 661 (U.S. 1991). Furthermore, in light of the overriding purpose of the Bankruptcy Code, exceptions

4

to discharge are strictly construed against creditors and liberally construed in favor of debtors. *In re Cohn*, 54 F.3d 1108, 1114 (3d Cir. 1995); *In re Kennedy*, 442 B.R. 399, 403 (Bankr. W.D.Pa. 2010).

Section 523(a)(2) provides, in pertinent part, that:

> A discharge under section . . . 1328(b) of this title does not discharge an individual debtor from any debt –
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . .

In order to meet its burden concerning non-dischargeability, FCADC must show each of the following elements by a preponderance of the evidence: (1) a misrepresentation, fraudulent admission, or deceptive conduct by Leos; (2) knowledge on Leos' part of the falsity or deceptiveness of the statement or conduct; (3) an intent by Leos to deceive FCADC; (4) justifiable reliance by FCADC on Leos' statement or conduct; and, (5) damage to FCADC caused by their justifiable reliance. *In re Raisley*, 287 B.R. 639, 641-642 (Bankr. W.D.Pa. 2003); *In re Scott*, 294 B.R. 620, 628 (Bankr. W.D.Pa. 2003); *In re Casini*, 307 B.R. 800, 815 (Bankr. D.N.J. 2004).

In assessing the Motion for Summary Judgment by FCADC, I am most concerned by proof of the, third, fourth, and fifth elements referenced in *Raisley* required for a finding of non-dischargeability. I will address these elements in turn.

First, I find there is a material issue of fact concerning Leos' intentions when the FCADC loans were made. The cases cited by the FCADC on page 7 of its brief in support of the Motion

5

Case 1:11-ap-00216-RNO    Doc 24    Filed 12/19/11    Entered 12/19/11 11:54:44    Desc
Main Document      Page 5 of 18

for Summary Judgment are procedurally distinguishable. *In re Bath*, 442 B.R. 377 (Bankr. E.D.Pa. 2010) also involved a non-dischargeability action based upon allegations that the debtor, Mr. Bath - the president and sole member of a limited liability company - used loan proceeds which were supposed to be used to purchase restaurant equipment for different purposes. I find that the case is procedurally distinguishable in that Mr. Bath had been deposed prior to a motion for summary judgment and his deposition testimony provided a basis for the bankruptcy judge to make findings concerning his intentions. The other case cited by FCADC, *In re Wimbish*, 95 B.R. 379 (Bankr. W.D.Pa. 1989), is similarly distinguishable. That case was decided after trial; both the debtor and a representative of the claimant credit union testified at trial. Thus, the court was able to assess the credibility of the witnesses and to determine the debtor's intention concerning the subject loan proceeds.

What is the appropriate standard to determine whether or not FCADC justifiably relied upon Leos' alleged statement or conduct? The seminal case on justifiable reliance is the case of *Field v. Mans*, 116 S.Ct. 437 (U.S. 1995). The Supreme Court found that a bankruptcy court should consider whether the reliance was justifiable, not whether it was reasonable. In other words, justifiable reliance is not a community standard. Rather, it is a subjective standard which examines the justifiability of the plaintiff's reliance in light of its capacity and its knowledge. Further, the greater the distance between the reliance claimed and the limits of reasonableness, the greater the doubt about reliance in fact having been shown.

At this stage, I cannot find that FCADC has met its burden concerning the element of justifiable reliance. There are numerous material questions which I believe must be developed in the record on this matter. For example, questions such as if the purchase of the Enrober from the

6

Case 1:11-ap-00216-RNO    Doc 24    Filed 12/19/11    Entered 12/19/11 11:54:44    Desc
Main Document      Page 6 of 18

loan proceeds was so important, why wasn't a documentary letter of credit employed? Or, why wasn't an invoice or a bill of sale for the Enrober required at the time of the distribution of the loan proceeds? Also, why did FCADC not learn of the absence of the purchase of the Enrober until 2008? I find that there are material issues of fact outstanding on the issue of justifiable reliance such that FCADC is not entitled to summary judgment.

The fifth element for a finding of non-dischargeability referenced in *Raisley* is proof of damage to the plaintiff proximately caused by its justifiable reliance. I have been unable to find justifiable reliance at this stage of the proceedings. However, even if I were to so find, I find that FCADC has not adduced sufficient evidence of damage to it proximately caused by any justifiable reliance on Leos' statement or conduct. Attached to Leos' brief in opposition to the Motion for Summary Judgment is Leos' five-page Affidavit. Paragraph 12 of the Affidavit alleges, in part:

> 12. Based upon information received from the attorney for FCADC, either Concessionaire or Mr. and Mrs. Tsoukatos have been, and are continuing, to make monthly payments to FCADC on both loans extended to Concessionaire. . . .

Paragraph 12 of Leos' Affidavit also alleges that there is an "agreement" between FCADC and Mr. and Mrs. Tsoukatos concerning the repayment of the Concessionaire loans. It appears that Leos may be arguing for a novation. There is a genuine issue of fact concerning any damages having been suffered by FCADC.

The material issues of fact which I have identified also preclude the grant of summary judgment in favor of Leos. An evidentiary record needs to be developed so that I may determine Leos' intentions at the time that the loans were made by FCADC. The lack of a record concerning Leos' intentions cuts both way. Leos' Affidavit, at best, puts at issue whether

7

Case 1:11-ap-00216-RNO    Doc 24    Filed 12/19/11    Entered 12/19/11 11:54:44    Desc
Main Document      Page 7 of 18

FCADC suffered damages as a proximate result of his assertions or conduct. For purposes of Leos' Motion for Summary Judgment, I must view the facts in the light most favorable to FCADC. His Affidavit is not dispositive and material facts remain in dispute and require resolution after trial.

## V. Conclusion

In considering each respective Motion for Summary Judgment, I view the evidence in the light most favorable to the non-moving party and draw all inferences in that party's favor. It is important to note that "caution should be exercised in granting summary judgment where state of mind is in issue". *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). Furthermore, it is inappropriate for issues of fact to be tried by mere review of opposing affidavits. At the summary judgment stage, the key is issue-finding not issue-resolution. Issues should not be tried at the summary judgment stage by opposing affidavits. *U.S. v. One Tintoretto Painting Entitled The Holy Family With Saint Catherine and . . .*, 691 F.2d 603, 606 (2d Cir. 1982).

The above issues of material fact must be resolved after trial where I will have the opportunity to assess the credibility of each witness' testimony and to evaluate the documents which are admitted into evidence.

Therefore, given the outstanding issues of material fact, the Motion of the Franklin

8

County Area Development Corporation for Summary Judgment and the Motion of John P. Leos for Summary Judgment are each hereby denied. An Order will be entered consistent with the foregoing Opinion.

By the Court,

Date: December 19, 2011

Robert N. Opel, II, Bankruptcy Judge
(BI)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| | | | |
|---|---|---|---|
| **JOHN P. LEOS** | } Debtor(s) | Chapter: | **13** |
| | | Case Number: | **1-10-bk-10064 RNO** |
| **FRANKLIN COUNTY AREA DEVELOPMENT CORPORATION** | } Plaintiff(s) | Adversary No: | **1-11-ap-00216 RNO** |
| vs. | | Nature of Proceeding: | **Motion for Summary Judgment** |
| **JOHN P. LEOS** | } Defendant(s) | | |

# OPINION

Presently before this Court are the Motion of the Plaintiff, Franklin County Area Development Corporation, for Summary Judgment and the Cross Motion of the Defendant, John P. Leos, for Summary Judgment. For the reasons stated herein, both Motions for Summary Judgment are denied and the matter will proceed to trial.

**I.    Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(B)(1)&(2)(a)(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

**II.    Facts**

On December 15, 2010, the Debtor, John P. Leos ("Leos"), filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

On April 1, 2011, the Plaintiff, Franklin County Area Development Corporation ("FCADC"), timely filed a Complaint to Determine Dischargeability of Debt ("Complaint"). The Complaint contains three counts. It seeks to have Leos' obligation to FCADC with respect to a portion of the proceeds of two loans determined to be non-dischargeable pursuant to

11 U.S.C. § 523(a)(2).[1]

The loans complained of were made through FCADC to Concessionaire Management Corporation ("Concessionaire"). The Complaint alleges that an unstated portion of the $250,000.00 loan proceeds were to be used to purchase a Sollich/MF Hamburg enrobing equipment line ("Enrober").

Attached as Exhibit G to the Complaint is a Surety Agreement dated April 17, 2003, under which it appears Leos personally guaranteed the loan obligations of Concessionaire to FCADC. Also, on April 1, 2011, FCADC filed Proof of Claim Number 7 ("Proof of Claim") in the underlying Chapter 13 case. The Proof of Claim is in the amount of $168,589.85. No objection to the Proof of Claim appears on the docket.

The FCADC loans to Concessionaire also appear to have been personally guaranteed by George Tsoukatos and Elaini Tsoukatos (jointly "Non-Debtor Guarantors"). Attached to the Proof of Claim are copies of judgments entered by FCADC in Franklin County, Pennsylvania. One judgment, dated April 24, 2008, is against Leos in the amount of $216,384.14. Also attached is a copy of a Notice of Entry of Judgment against the Non-Debtor Guarantors in the amount of $22,869.65, dated June 17, 2009.

The Complaint was answered by Leos on May 2, 2011. The Answer alleges, *inter alia*, that Leos was a minority shareholder of Concessionaire. The Answer also alleges that the Enrober was not purchased because of a significant change in the currency exchange rate between the Dollar and Euro caused a material price increase for the cost of the Enrober. The

---

[1] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

Answer also alleges that the loan proceeds were used to purchase equipment and to remodel the plant used by Concessionaire. The Answer further alleges that a portion of the loan proceeds were used to repay FCADC on Concessionaire's loan obligations.

On November 10, 2011, FCADC filed a Motion for Summary Judgment. Exhibit B to the Motion for Summary Judgment is the three paragraph Affidavit of Zoe Tsoukatos. Essentially, the Affidavit alleges that Ms. Tsoukatos is the current President of Concessionaire and that "[i]n or about April 2008", she notified a representative of FCADC that the Enrober had not been purchased. The Affidavit also states:

> 3. In or about April 2008, there were virtually no funds in the Concessionaire bank accounts with which to return the loan proceeds for the Enrober to FCADC.

Also attached to the Motion for Summary Judgment, as Exhibit A, is the responses to the FCADC's Requests for Admissions directed to Leos.

On December 5, 2011, Leos answered FCADC's Motion for Summary Judgment and filed a Cross Motion for Summary Judgment in favor of Leos. FCADC and Leos have each filed their briefs in support of their respective Motions for Summary Judgment and these matters are ripe for decision.

### III. Summary Judgment Standard

Summary judgment motions in federal proceedings are generally governed by Federal Rule of Civil Procedure 56(c). This Rule is made applicable to bankruptcy adversary proceedings, such as the subject non-dischargeability action, by Federal Rule of Bankruptcy Procedure 7056.

Summary judgment is appropriate "if the pleadings, depositions, answers to

3

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (U.S. 1986).

The moving party has the burden of demonstrating that a genuine issue of material fact is absent. *Celotex* at 2552; *In re Madera*, 363 B.R. 718, 724 (Bankr. E.D.Pa. 2007). An opponent may not defeat a motion for summary judgment unless he sets forth specific facts that establish the existence of a genuine issue of material fact for trial. Conclusory statements and general denials will not suffice. *In re CVEO Corp.*, 327 B.R. 724, 727 (Bankr. D.Del. 2005).

In evaluating the evidence, a court must view the facts in the light most favorable to the non-moving party and draw all inferences in that party's favor. *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (U.S. 1986).

## IV. Discussion

The Complaint seeks the determination that Leos' obligation to FCADC with respect to the loan proceeds for the purchase of the Enrober is non-dischargeable in accordance with § 523(a)(2).

A creditor objecting to discharge of a debt owed to it by a debtor in bankruptcy has the burden of proving, by a preponderance of the evidence, that the debt falls into one of the exceptions found in § 523(a) of the Bankruptcy Code. *Grogan v. Garner*, 111 S.Ct. 654, 661 (U.S. 1991). Furthermore, in light of the overriding purpose of the Bankruptcy Code, exceptions

4

to discharge are strictly construed against creditors and liberally construed in favor of debtors. *In re Cohn*, 54 F.3d 1108, 1114 (3d Cir. 1995); *In re Kennedy*, 442 B.R. 399, 403 (Bankr. W.D.Pa. 2010).

Section 523(a)(2) provides, in pertinent part, that:

> A discharge under section . . . 1328(b) of this title does not discharge an individual debtor from any debt –
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . .

In order to meet its burden concerning non-dischargeability, FCADC must show each of the following elements by a preponderance of the evidence: (1) a misrepresentation, fraudulent admission, or deceptive conduct by Leos; (2) knowledge on Leos' part of the falsity or deceptiveness of the statement or conduct; (3) an intent by Leos to deceive FCADC; (4) justifiable reliance by FCADC on Leos' statement or conduct; and, (5) damage to FCADC caused by their justifiable reliance. *In re Raisley*, 287 B.R. 639, 641-642 (Bankr. W.D.Pa. 2003); *In re Scott*, 294 B.R. 620, 628 (Bankr. W.D.Pa. 2003); *In re Casini*, 307 B.R. 800, 815 (Bankr. D.N.J. 2004).

In assessing the Motion for Summary Judgment by FCADC, I am most concerned by proof of the, third, fourth, and fifth elements referenced in *Raisley* required for a finding of non-dischargeability. I will address these elements in turn.

First, I find there is a material issue of fact concerning Leos' intentions when the FCADC loans were made. The cases cited by the FCADC on page 7 of its brief in support of the Motion

5

for Summary Judgment are procedurally distinguishable. *In re Bath*, 442 B.R. 377 (Bankr. E.D.Pa. 2010) also involved a non-dischargeability action based upon allegations that the debtor, Mr. Bath - the president and sole member of a limited liability company - used loan proceeds which were supposed to be used to purchase restaurant equipment for different purposes. I find that the case is procedurally distinguishable in that Mr. Bath had been deposed prior to a motion for summary judgment and his deposition testimony provided a basis for the bankruptcy judge to make findings concerning his intentions. The other case cited by FCADC, *In re Wimbish*, 95 B.R. 379 (Bankr. W.D.Pa. 1989), is similarly distinguishable. That case was decided after trial; both the debtor and a representative of the claimant credit union testified at trial. Thus, the court was able to assess the credibility of the witnesses and to determine the debtor's intention concerning the subject loan proceeds.

What is the appropriate standard to determine whether or not FCADC justifiably relied upon Leos' alleged statement or conduct? The seminal case on justifiable reliance is the case of *Field v. Mans*, 116 S.Ct. 437 (U.S. 1995). The Supreme Court found that a bankruptcy court should consider whether the reliance was justifiable, not whether it was reasonable. In other words, justifiable reliance is not a community standard. Rather, it is a subjective standard which examines the justifiability of the plaintiff's reliance in light of its capacity and its knowledge. Further, the greater the distance between the reliance claimed and the limits of reasonableness, the greater the doubt about reliance in fact having been shown.

At this stage, I cannot find that FCADC has met its burden concerning the element of justifiable reliance. There are numerous material questions which I believe must be developed in the record on this matter. For example, questions such as if the purchase of the Enrober from the

6

loan proceeds was so important, why wasn't a documentary letter of credit employed? Or, why wasn't an invoice or a bill of sale for the Enrober required at the time of the distribution of the loan proceeds? Also, why did FCADC not learn of the absence of the purchase of the Enrober until 2008? I find that there are material issues of fact outstanding on the issue of justifiable reliance such that FCADC is not entitled to summary judgment.

The fifth element for a finding of non-dischargeability referenced in *Raisley* is proof of damage to the plaintiff proximately caused by its justifiable reliance. I have been unable to find justifiable reliance at this stage of the proceedings. However, even if I were to so find, I find that FCADC has not adduced sufficient evidence of damage to it proximately caused by any justifiable reliance on Leos' statement or conduct. Attached to Leos' brief in opposition to the Motion for Summary Judgment is Leos' five-page Affidavit. Paragraph 12 of the Affidavit alleges, in part:

> 12. Based upon information received from the attorney for FCADC, either Concessionaire or Mr. and Mrs. Tsoukatos have been, and are continuing, to make monthly payments to FCADC on both loans extended to Concessionaire. . . .

Paragraph 12 of Leos' Affidavit also alleges that there is an "agreement" between FCADC and Mr. and Mrs. Tsoukatos concerning the repayment of the Concessionaire loans. It appears that Leos may be arguing for a novation. There is a genuine issue of fact concerning any damages having been suffered by FCADC.

The material issues of fact which I have identified also preclude the grant of summary judgment in favor of Leos. An evidentiary record needs to be developed so that I may determine Leos' intentions at the time that the loans were made by FCADC. The lack of a record concerning Leos' intentions cuts both way. Leos' Affidavit, at best, puts at issue whether

7

Case 1:11-ap-00216-RNO    Doc 24    Filed 12/19/11    Entered 12/19/11 11:54:44    Desc
Main Document      Page 16 of 18

FCADC suffered damages as a proximate result of his assertions or conduct. For purposes of Leos' Motion for Summary Judgment, I must view the facts in the light most favorable to FCADC. His Affidavit is not dispositive and material facts remain in dispute and require resolution after trial.

**V. Conclusion**

In considering each respective Motion for Summary Judgment, I view the evidence in the light most favorable to the non-moving party and draw all inferences in that party's favor. It is important to note that "caution should be exercised in granting summary judgment where state of mind is in issue". *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983). Furthermore, it is inappropriate for issues of fact to be tried by mere review of opposing affidavits. At the summary judgment stage, the key is issue-finding not issue-resolution. Issues should not be tried at the summary judgment stage by opposing affidavits. *U.S. v. One Tintoretto Painting Entitled The Holy Family With Saint Catherine and . . .*, 691 F.2d 603, 606 (2d Cir. 1982).

The above issues of material fact must be resolved after trial where I will have the opportunity to assess the credibility of each witness' testimony and to evaluate the documents which are admitted into evidence.

Therefore, given the outstanding issues of material fact, the Motion of the Franklin

8

County Area Development Corporation for Summary Judgment and the Motion of John P. Leos for Summary Judgment are each hereby denied. An Order will be entered consistent with the foregoing Opinion.

By the Court,

*[signature]*

Date: December 19, 2011

Robert N. Opel, II, Bankruptcy Judge
(BI)

9

Case 1:11-ap-00216-RNO    Doc 24    Filed 12/19/11    Entered 12/19/11 11:54:44    Desc
Main Document      Page 18 of 18